O
JS-6

# United States District Court
# Central District of California

MICHAEL TIPTON,

        Plaintiff,

    v.

WALMART INC., et al.,

        Defendants.

Case № 2:22-cv-01326-ODW (JPRx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [14]**

## I.    INTRODUCTION

On February 25, 2022, Defendant Walmart, Inc. again removed this case to federal court based on diversity jurisdiction. (Second Notice of Removal ("Second NOR"), ECF No. 1.) Plaintiff Michael Tipton moves to remand, arguing Walmart again fails to demonstrate fraudulent joinder and accordingly fails to establish diversity jurisdiction under 28 U.S.C. § 1332. (Mot. Remand ("Mot.") 2, ECF No. 14.) Tipton also requests costs and attorneys' fees associated with removal under 28 U.S.C. § 1447(c). (*Id.* at 8–9.) After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for discussion without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS IN PART and DENIES IN PART** the Motion by remanding the case and declining to award costs and attorneys' fees.

## II. FACTUAL BACKGROUND

On March 2, 2021, Tipton filed his initial Complaint in the Superior Court of California, County of Los Angeles, setting forth nine state-law causes of action against Walmart related to his termination, including a cause of action for defamation against his former supervisor, Brendan Talbott. (Second NOR Ex. A ("Compl."), ECF No. 1-1.) Tipton alleges he is a resident of California, Walmart is a Delaware Corporation, and Talbott is a resident of California. (*Id.* ¶¶ 1–3.) Tipton further alleges that Talbott, a Walmart supervisor, made false and defamatory statements regarding Tipton's work performance. (*Id.* ¶¶ 3, 102–03.)

On April 5, 2021, Walmart removed this action for the first time, asserting diversity jurisdiction. Walmart alleged Talbot was a sham defendant who was fraudulently joined to avoid federal jurisdiction. Notice of Removal ("First NOR") ¶¶ 19–40, *Tipton v. Walmart, Inc.*, No. 21-02952-ODW (JPRx) (C.D. Cal. filed Apr. 5, 2021) ("*Tipton I*"), ECF No. 1. Walmart further alleged the amount in controversy exceeded $75,000. *Id.* ¶¶ 41–52.

On April 12, 2021, the Court ordered Walmart to show cause why that action should not be remanded for lack of subject matter jurisdiction. Order to Show Cause ("OSC"), *Tipton I*, ECF No. 10. In its Response, Walmart addressed the amount in controversy requirement but failed to adequately address the sham defendant issue. *See* Resp., *Tipton I*, ECF No. 13. Accordingly, the Court remained in doubt about the existence of subject matter jurisdiction based on complete diversity and accordingly remanded the case. Order Remanding Action 4 ("First Remand Order"), *Tipton I*, ECF No. 14.

After remand, Walmart took Tipton's deposition testimony and obtained Talbott's declaration. (Second NOR ¶¶ 13–15.) On February 25, 2022, believing this evidence proved Tipton could not possibly state a claim against Talbott, Walmart again removed this action. (*Id.* ¶¶ 33–54.) Tipton now moves to remand and for an award of costs and attorneys' fees for what he asserts was a frivolous removal by

Walmart. (Mot. 2; Pl.'s Mem. P. & A. ISO Mot. Remand ("Mem.") 8–9, ECF No. 14-1.) The Motion is fully briefed. (Opp'n, ECF No. 15; Reply, ECF No. 17.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over only those matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, based on federal question or diversity jurisdiction.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th. Cir. 2009). The party seeking removal bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Courts strictly construe the removal statute against removal and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* This "strong presumption" against removal demands that a court resolve all ambiguities in favor of remand to state court. *Id.* (quoting *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990)); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

### IV. DISCUSSION

Tipton moves for remand on the grounds that Talbott, like Tipton, is a California resident, and Talbott's presence in this action defeats complete diversity. (Mem. 5–8.) In its Second Notice of Removal, Walmart alleges that Tipton's deposition testimony and Talbott's declaration, along with other evidence, establishes

that Talbott is a sham defendant who Tipton fraudulently joined. (Second NOR ¶¶ 8–9, 13–17, 33–54.)

In evaluating whether complete diversity exists, district courts may disregard the citizenship of a fraudulently joined non-diverse defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Ninth Circuit has described two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[] joined in the action cannot be liable on any theory.'" *Id*. (alteration in original) (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). A defendant is not fraudulently joined, however, where "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550; *see also Sessions v. Chrysler Corp.*, 517 F.2d 759, 760–61 (9th Cir. 1975) (explaining that the label of a claim is irrelevant "so long as [plaintiff] was entitled to relief against [non-diverse defendants] on any theory").

To meet the heavy burden of proving fraudulent joinder, a defendant must establish that the plaintiff cannot state a claim against the non-diverse defendant on any theory, in the current or an amended complaint. *See Grancare*, 889 F.3d at 548, 550; *Revay v. Home Depot U.S.A., Inc.*, No. 2:14-cv-03391-RSWL (ASx), 2015 WL 1285287, at *3 (C.D. Cal. Mar. 19, 2015) ("If there is 'any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint,' or in a future amended complaint, 'the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'" (quoting *Hunter*, 582 F.3d at 1044)). "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials*, *Inc. v. Dow Chem. Corp.*, 494 F.3d 1203,

4

1206 (9th Cir. 2007) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1988)).

Here, Walmart presents the transcript of Tipton's deposition testimony, in which Tipton states that (1) he met Talbott for the first time on the day Tipton was terminated, and (2) Tipton could not identify Talbott's false and defamatory statements regarding Tipton's work performance. (Decl. Megan Mackie ("Mackie Decl.") Ex. J, ECF No. 16-10.) Walmart further argues that Talbott's declaration, made in his capacity as a Walmart employee, corroborates these key admissions from Tipton's deposition. (Mackie Decl. Ex. S ("Talbott Decl.") ¶¶ 5–9, ECF No. 16-23.) Based on this evidence, Walmart removed this case for a second time, claiming there is now clear and convincing evidence in the record that Tipton cannot establish Talbott defamed him. (Second NOR ¶¶ 16–17.)

A.  **Successive Removal**

Before the Court can address the sufficiency of Walmart's evidence, it must first inquire whether Walmart may properly remove this case for the second time by presenting evidence that was available to it, but that it did not present, at an initial failed attempt at removal. Successive removals such as this one are generally discouraged unless "subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (emphasis in original) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir. 1979)). Other courts have similarly articulated that "[s]uccessive removals are . . . improper '[a]bsent a showing that the posture of the case has so changed that it is substantially a new case.'" *Leon v. Gordon Trucking, Inc.*, 76 F. Supp. 3d 1055, 1063 (C.D. Cal. 2014) (second alteration in original) (citing *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 65 (D. Conn. 1995)). Thus, when a defendant attempts to remove an action for the second time after conducting an investigation of the facts, courts will disregard the newly presentede facts if they do no more than address the deficiency that precipitated the earlier remand. *Neduelan v.*

*Werner Enters., Inc.*, No. ED CV 20-290-SP, 2020 WL 2062259, at *3 (C.D. Cal. Apr. 28, 2020) (citing *Fed. Home Loan Mortg. Corp. v. Pulido*, No. C 12-0425 LB, 2012 WL 5199441, at *2 (N.D. Cal. Oct. 20, 2012)).

In applying the law of successive removal here, the case of *Romo v. Shimmick Construction Company* is instructive. No. 15-cv-00673-JCS, 2015 WL 3661940 (N.D. Cal. June 12, 2015). There, the defendant attempted to remove the case twice, each time based on federal question jurisdiction. *Id.* at *1. During the first removal, the defendant claimed the case invoked multiple collective bargaining agreements ("CBAs"), which meant section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, preempted certain claims, raising a federal question. *Romo*, 2015 WL 3661940, at *1. However, the defendant offered no evidence to show it was "a party to any CBA that could bring the case within the scope of the LMRA." *Id.* at *2. The court in *Romo* remanded the case based on these grounds. *Id.* Later, the defendant again removed the case on the basis of LMRA preemption, this time attempting to introduce evidence of a declaration that showed it was party to a relevant CBA. *Id.* at *3. The court in *Romo* again remanded the case, reasoning that this evidence was available to the defendant prior to the first removal and therefore could not constitute a new ground for removal. *Id.* at *5; *see also Allen v. UtiliQuest, LLC*, No. C 13-4466 SBA, 2014 WL 94337, at *1 (N.D. Cal. Jan. 9, 2014) (remanding where "the 'new' factual information cited by Defendant was readily available when it filed its opposition to Plaintiff's original motion to remand").

Here, Walmart, like the defendant in *Romo*, removed the case a first time, and, when called upon to do so, failed to present evidence to factually demonstrate diversity jurisdiction. This evidence, which would have included Tipton's deposition and Talbott's declaration, is evidence that Walmart could have procured and presented it with its initial removal effort and response to the Court's OSC. *Romo*, 2015 WL 3661940 at *2; First Remand Order 4. Walmart did not present any such evidence or in any way address diversity of citizenship. *See* Resp. Further, like the

6

defendant in *Romo*, which tried to introduce evidence in the second removal that it could have obtained before removing the first time, Walmart now seeks to introduce evidence and arguments it could have procured and presented prior to its decision to initiate the first removal. *Romo*, 2015 WL 3661940 at *3; (*see* Second NOR ¶¶ 39–54).

For this reason, the Court will not consider Walmart's new evidence or arguments in determining if complete diversity exists. A contrary holding would provide defendants with the unfair opportunity to remove a case multiple times throughout the course of the litigation, as motion practice and discovery in state court gradually weaken the claims against the non-diverse defendant. Such a holding would contradict this Court's articulated policy of "guard[ing] against premature and protective removal and minimiz[ing] the potential for a cottage industry of removal litigation." *Lockhart v. Columbia Sportswear Co.*, No. 5:15-cv-02634-ODW (PLAx), 2016 WL 2743481, at *2 (C.D. Cal. May 11, 2016).

Because the new evidence does not make this a "substantially a new case," *Leon*, 76 F. Supp. 3d at 1063, the new evidence is disregarded. Accordingly, nothing remains to show that Talbott was fraudulently joined, and the Court finds Walmart's second removal improper. The Court remands the matter and **GRANTS** Tipton's Motion to this extent.

**B.      Attorneys' Fees and Costs**

In the moving papers, Tipton requests attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c), arguing Walmart's removal was based on the same theory advanced in the first removal and was therefore frivolous. (Mem. 8–9.)

An award of attorneys' fees may be appropriate when removal is sought "for the purpose of prolonging litigation and imposing costs on the opposing party." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. However, "removal is not objectively unreasonable solely because the removing

party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Here, the Court does not find that Walmart sought to successively remove the case with a purpose or intent of prolonging the litigation or imposing costs on the opposing party. Walmart produced new evidence that provided a reasonable basis for removal based on diversity jurisdiction, and although the Court ultimately finds removal improper, it does not find removal to have been wholly unreasonable, and Tipton offers no authority to suggest it was. Accordingly, the Court declines to award Tipton his attorneys' fees and costs associated with Walmart's removal.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART and DENIES IN PART** Tipton's Motion to Remand. (ECF No. 14.) The Court **REMANDS** the case to the Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012, Case No. 21STCV08266. The Court declines to award Tipton attorneys' fees and costs.

All dates and deadlines in this matter are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

June 30, 2022

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**